SAM. ANDERSON *v.* R. F. BECK ET AL.

FALSE IMPRISONMENT. *Arrest on warrant. Confinement for thirty days. Action therefor.*

   S. was arrested on a warrant charging him with grand larceny, and turned over to the sheriff of the county, who, by virtue of such warrant, kept him confined in the county jail for more than thirty days, and until he was released on habeas corpus proceedings. *Held,* that such imprisonment was unlawful, and renders the sheriff liable, *prima facie,* to an action for false imprisonment.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

This is an action for false imprisonment brought by Sam. Anderson against R. F. Beck, sheriff and jailer of Warren County, and the sureties on his bond. The amended declaration sets out that plaintiff was forcibly taken and assaulted by one Joseph H. Robertson, who pretended to have a warrant for his arrest, in Sharkey County, Miss., upon a false and pretended charge of grand larceny, was carried to Warren County and turned over to R. F. Beck, sheriff and jailer of said county, " who, by virtue of his office, took and imprisoned the said relator upon the said pretended warrant, or upon the said request of Robertson," and detained him against his will more than thirty days, and until he was released upon habeas corpus proceedings. The defendant demurred to the declaration, because " the declaration shows on its face that plaintiff was arrested on a warrant which showed that the charge preferred against plaintiff was grand larceny, and though said warrant is said in said declaration to have have been issued under a false and pretended charge of grand larceny, yet no fact is stated which shows that said warrant was void or pretended." The court sustained the demurrer and the plaintiff appealed.

*J. M. Gibson,* for appellant.

The sheriff of Warren County is the jailer. It is his duty to keep the jail and have custody of prisoners lawfully committed to it. As sheriff, Robertson, on an insufficient process, arrests plaintiff, takes him to the sheriff, and by virtue of this insufficient warrant or process directed to Robertson, who is not an officer of the State,

64 MISS.—8.

Beck, as sheriff, imprisons the plaintiff for thirty days or more. Is it not an attempt by Beck to perform the duties of his office and therefore an official act, which, being wrongfully done, renders him and his sureties liable? *Day* v. *Callup*, 2 Wall. 97; *Burk* v. *Colbuth*, 3 Wall. 335; Murfree on Official Bonds, § 303; *People* v. *Schuyler*, 4 N. Y. 173, 181; *Straight* v. *Gee*, 2 Stark. 448; *Weller* v. *Toke*, 9 East 364; *Grinnell* v. *Phillips*, 1 Mass. 530; *Mosley* v. *Mosley*, 9 Grat. 584; *McElhany* v. *Gilleland*, 30 Ala. 183.

*A. B. Pittman*, for the appellees.

The fact that the pleader denounces the charge as " false and pretended," and the " warrant " as a " pretended" warrant does not vary the effect of the declaration. To constitute a good declaration it would have been necessary to have pointed out the defects or other causes which would have rendered the action of the sheriff unlawful in acting under the process. The declaration is barren of any statement of a *fact* which would enable the court to determine for itself whether or not the process or warrant stated to have been issued was a " *pretended* " warrant.

Under the most liberal rules of code pleading and under laws which abolish all forms of action and prescribe no forms of averment, yet *the facts* and not the conclusions of the pleader on undisclosed facts constitute a statement of a cause of action.

CAMPBELL, J., delivered the opinion of the court.

The amended declaration avers the imprisonment by the defendant of the plaintiff for more than thirty days under a pretended *warrant*. Calling it a pretended warrant does not make it so, it is true, but a real and legal warrant is not authority for such imprisonment as is charged, at least *prima facie* it is not, and the facts stated are sufficient to require an answer. A warrant is process for the arrest of a person, who, when arrested, should be taken before an officer authorized to inquire into the cause of arrest, and the unexplained detention of the party by virtue of process for his arrest without any mittimus was a cause of action.

The demurrer to the amended declaration should have been overruled.

*Judgment reversed, the demurrer to the amended declaration over-ruled, and cause remanded for further proceedings in the circuit court.*